IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

KEITHAN HUNTER                                                             PETITIONER
Reg. #31595-074

V.                              NO. 2:15CV00155-JTR

C.V. RIVERA, Warden,                                                      RESPONDENT
FCI-Forrest City

## MEMORANDUM AND ORDER

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Keithan Hunter ("Hunter"), an inmate in the Federal Correctional Institution in Forrest City, Arkansas. *Doc. 1*. Respondent, C.V. Rivera, has filed a Response, and Hunter has filed a Reply. *Docs. 9 & 13*. Thus, the issues are joined and ready for disposition.

### I. Background

On January 18, 2007, Hunter entered a guilty plea, in the United States District Court for the Eastern District of Tennessee, to: (1) aiding and abetting counterfeiting; (2) possession with the intent to distribute cocaine base; (3) possession of a firearm in furtherance of a drug trafficking crime; and (4) being a felon in possession of a firearm. *United States v. Hunter*, E.D. Tenn. No. 3:06cr00064-RLJ-CCS-1, at *docs.*

*48-49*.[1] On March 30, 2007, the Court sentenced him to 262 months of imprisonment. *Doc. 9-1*. According to Hunter's Presentence Investigation Report ("PSR"), his criminal history category was enhanced one level, to Category VI, because he was considered a career offender under § 4B1.1(b) of the United States Sentencing Guidelines ("USSG"). *Resp't Ex. 2 (Sealed)*.

On August 25, 2008, the Sixth Circuit Court of Appeals affirmed Hunter's convictions and sentence. *United States v. Hunter*, No. 07-5439 (6th Cir. Aug. 25, 2008), *cert. denied*, 555 U.S. 1007 (2008).

On August 12, 2010, Hunter filed a *pro se* 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence with the sentencing court. *See* E.D. Tenn. No. 3:06cr00064-RLJ-CCS-1, at *doc.84*. On September 5, 2013, the Court entered an order denying § 2255 relief on the basis that Hunter's § 2255 motion was untimely.[2] *Hunter v. United States*, 2013 WL 4780918 (E.D. Tenn. Sept. 5, 2013). Hunter did not appeal.

On September 25, 2015, Hunter filed this § 2241 habeas action, arguing that, based on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct.

---

[1]The Court electronically accessed records from the Eastern District of Tennessee and the Sixth Circuit Court of Appeals.

[2]*See* § 2255(f) (federal defendant generally has one year from "the date on which [his] judgment of conviction becomes final" to file a § 2255 motion).

2

2551 (2015), the sentencing court improperly applied a career offender enhancement to his sentence. *Johnson* held that the residual clause of the Armed Career Criminal Act's "violent felony" definition, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. Hunter argues that, under an identical USSG provision, he was improperly deemed a career offender based on prior convictions from Dade County, Florida, which no longer qualify as "violent felonies" after *Johnson*.[3] He asks that the career offender designation be removed and that he be resentenced on the "low end of the applicable guideline range."

## II. Discussion

A challenge to the lawfulness of a federal conviction and sentence generally must be made in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *see* 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's

---

[3] Hunter argues that the following prior convictions no longer qualify: (1) "Burglary reduced to Strong Armed Robbery" in Case No. 96-40644; and (2) "Burglary of Conveyance," "Grand Larceny," and "Possession of Burglary Tools," in Case No. 92-8866. *Doc. 1 at 7, 9, 13; see PSR at 11-12, 14-15.*

3

criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

A federal court in the district of incarceration can entertain a 28 U.S.C. § 2241 habeas petition challenging the validity of a conviction or sentence only if "*it also appears that the remedy by [§ 2255] motion [to the sentencing court] is inadequate or ineffective to test the legality of his detention*." § 2255(e) (emphasis added). A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Lopez-Lopez*, 590 F.3d at 907. The Eighth Circuit has made it clear that the "inadequate or ineffective remedy" exception is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002).

The fact that Hunter's § 2255 motion was dismissed as untimely by the sentencing court did *not* render the remedy inadequate or ineffective so as to permit utilization of § 2241. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (to establish inadequacy or ineffectiveness, a prisoner must demonstrate "more than a procedural barrier to bringing a § 2255 petition," such as "allow[ing] the one year statute of limitations ... to expire).

In addition, while there are restrictions on the filing of "second or successive"

4

§ 2255 motions, recent decisions of the Sixth Circuit Court of Appeals have authorized prisoners to bring successive § 2255 claims based on the *Johnson* decision. On December 17, 2015, the Sixth Circuit held that *Johnson* announced a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *In re Watkins*, No. 15-5038, 2015 WL 9241176, at *1 (6th Cir. Dec. 17, 2015).[4] Accordingly, the Sixth Circuit held that the *Watkins* movant had made a prima facie showing, pursuant to § 2255(h)(2),[5] and granted her motion for authorization to file a second or successive § 2255 motion. *Id.* at *7; *see also In re Boyett*, No. 15-5824, 2016 WL 75601 (6th Cir. Jan. 7, 2016)

---

[4]*Accord: Woods v. United States*, 805 F.3d 1152, 1153-54 (8th Cir. 2015); *Pakala v. United States*, 804 F.3d 139, 139-40 (1st Cir. 2015); *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015); *but see In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015) (holding that "[n]o combination of holdings of the Supreme Court 'necessarily dictate' that *Johnson* should be applied retroactively on collateral review"). The United States Supreme Court recently granted certiorari, in an case from the Eleventh Circuit, to consider where *Johnson* applies retroactively on an initial § 2255 motion. *Welch v. United States*, No. 15-6418, 2016 WL 90594 (U.S. Jan. 8, 2016).

[5]Section 2255(h) provides:

A second or successive [§ 2255] motion must be certified ... by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) *a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.*

5

(authorizing District Court to consider second or successive § 2255 motion based on *Johnson* and *Watkins*).

Hunter has failed to demonstrate the inadequacy and ineffectiveness of his § 2255 remedies in the sentencing court. Accordingly, this Court lacks subject matter jurisdiction over this § 2241 habeas action, and it must be dismissed. See *Hill*, 349 F.3d at 1091-93; *DeSimone*, 805 F.2d at 323-24.

### III. Conclusion

IT IS THEREFORE ORDERED THAT this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, *Doc. 1*, is DENIED, and the case is DISMISSED, without prejudice to Hunter's right to petition the Sixth Circuit Court of Appeals for leave to file a second or successive 28 U.S.C. § 2255 motion.[6]

DATED this 19th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] According to the Sixth Circuit's records, Hunter has *not* sought authorization to proceed with a successive § 2255 motion.